## WOODARDS v. PICK.
### No. 14446.

Court of Appeal of Louisiana. Orleans.
June 29, 1933.

Charles Mundy, of New Orleans, for appellant.

Brian & Brian, of New Orleans, for appellee.

JANVIER, Judge.

This is a suit for damages claimed to have been sustained by plaintiff as the result of a trespass alleged to have been committed by defendant.

In the district court there was judgment dismissing the suit, and plaintiff has appealed.

Mrs. Ruby Pick is the owner of the premises occupied by plaintiff, Elizabeth Woodards, at the time of the alleged trespass. Plaintiff had rented the premises through the agent of defendant, agreeing to pay $4.50 per week.

According to custom the first week's rent should have been paid in advance, but plaintiff told the agent that she would make payment on the next day, that is, on the day after she moved into the house, and, on that day, she paid $1.50 to the agent, and thereafter, by various pretexts, avoided paying the full amount due, although she remained in the house for nearly four weeks.

In the meantime, Mrs. Pick called repeatedly without success, almost invariably finding it impossible to obtain a response to her calls and knocks, although on, at least, one occasion she was advised by neighbors that plaintiff was at home and although on another occasion she had seen plaintiff enter the premises only a few moments before she called. Thereupon Mrs. Pick, unable to obtain the amount due her or, in fact, to communicate with plaintiff at all, pinned on the door of the house a notice calling upon plaintiff to vacate within five days.

A few days later Mrs. Pick again called at the house and finding no one at home and, being led by appearances to believe that plaintiff had complied with her request to vacate, entered the house through the back door, the front door being locked. As soon as she found that the house had not been vacated she departed.

Plaintiff claims that Mrs. Pick, in order to enter the premises, broke the rear door, and that she destroyed some of her property and either stole or made it possible for others to steal certain cash which plaintiff alleges she had left in the house.

Defendant's testimony as to the exact dates of her various calls is not as clear as it might be, but we have no difficulty at all in reaching the conclusion that she had had considerable trouble with plaintiff, and we feel that when she entered the premises she was justified in believing that plaintiff had vacated and, consequently, that she was within her rights in entering.

Plaintiff's testimony is very confusing and is not at all convincing, and we can well understand why the district judge reached the conclusion that her story should not be believed. Among other things she stated that, although she had discovered the trespass during the late afternoon, she made no effort to communicate with the police until the next morning. Furthermore, the police officer who called at the house the next day states posi-

tively that she told him at that time that she had no idea who it was who was guilty of committing the trespass and stealing the money, and yet the testimony of the witnesses produced by plaintiff is to the effect that they told plaintiff on the evening before that they had seen Mrs. Pick break into the house.

If plaintiff had known then that Mrs. Pick broke into the house as these witnesses would have us believe she did, we cannot but feel that she would have communicated that information to the police officer who called.

We conclude that the testimony of plaintiff and of her witnesses is unworthy of belief. Certainly it is not sufficient to warrant our saying that the finding of the trial judge was manifestly erroneous.

The judgment appealed from is affirmed. Affirmed.